Filed 1/9/14  P. v. Crocker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D063692 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS260084) |
| STEVEN JOE CROCKER, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard, III, Judge.  Affirmed as modified.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Steven Joe Crocker of one count of counterfeiting (Pen. Code,[1] § 476), one count of possessing counterfeiting apparatus (§ 480, subd. (a)), and one count of possessing child pornography (§ 311.11, subd. (a)).  Crocker admitted two prison prior convictions (§ 667.5, subd. (b)).

The court sentenced Crocker to a determinate term of seven years four months in prison and required Crocker to register as a sex offender (§ 290).  The court also ordered Crocker to have no contact with a grandniece, who the court found to be a "potential" victim of Crocker's perverse interest in young girls.

Crocker appeals challenging only the no contact order regarding his grandniece. He contends the court lacked authority to issue such an order and thus it amounts to an unauthorized sentence.  The People respond that the grandniece is a victim within the meaning of California Constitution, article I, section 28, subdivision (a), paragraph 3, based on the facts of the child pornography offense and that the court had the inherent authority, in the absence of any contrary statutes, to impose the no contact order.  We agree with Crocker that even if the court has inherent power to implement the constitutional protection of crime victims, there was no factual basis in this record for the issuance of a no contact order.

Since this appeal does not raise any issue regarding the admissibility or the sufficiency of the evidence to support the convictions in this case we will omit the usual

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

statement of facts. Instead, we will discuss those facts which are pertinent to Crocker's contention in the discussion portion of this opinion.

DISCUSSION

As we have indicated, Crocker contends the trial court lacked the authority to issue its verbal no contact order. He argues the absence of express statutory authority providing for such an order renders it an unauthorized sentence.

A. Background

Crocker was arrested in connection with an investigation into suspected counterfeiting activity. During the course of the search of the room in which Crocker was living, police searched two laptops and one desk top computer. They also found a number of photographs among papers in the room. The photos showed a naked, 12-year-old girl in various sexual poses. Police also discovered numerous, nonpornographic images of his grandniece, who lived a block away from Crocker's residence.

Various examinations of the computers revealed search patterns for child pornography, "forced sex," "blond [sic] teen raped," and other sites containing forcible sex with minors. Review of the computers showed a pattern whereby Crocker would view the images of his grandniece and then quickly move to a site dealing with rape or forced sex with young girls

After the trial court imposed the prison sentence the prosecutor asked for a protective order or at least for a verbal no contact order regarding his grandniece. The

3

court declined to issue a three-year protective order since Crocker would be in prison longer than that period.

Following the court's granting of the no contact order, defense counsel objected to the order. The court explained its reasoning for issuing the order preventing Crocker from directly or indirectly contacting the girl. The court said:

> "You know, when I was dealing with the issue as to the victim, sort of ahead of time, it's kind of interesting because the niece isn't a named victim. But it does not mean that she isn't a potential victim in this case. And that's really--the court now understanding the evidence in this particular case, and a lot of that, you know, came out during the actual trial itself as opposed to the court's in limine hearings in this case, and so in this particular case and in exercising the court's discretion, which I believe I'm allowed to do, I am--I have made that order, but I do understand [Defense Counsel's] position."

## B. Legal Principles

The People rely on California Constitution, article I, section 28, subdivision (a), paragraph (3) et. seq., for the proposition that there is established authority for the court to issue its no contact order. The section referred to relates to the right of crime victims to be reasonably protected from a defendant or those acting on behalf of a defendant. (Cal. Const., art. I, § 28, subd. (b).) The section's definition of "victim" is broad, including those to whom harm is threatened. (Cal. Const., art. I, § 28, subd. (e).)

In reviewing the provisions of the constitutional enactment we review the sections de novo. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311.) We consider the various provisions of the section with reference to the " 'entire scheme of law of which it is part

4

so that the whole may be harmonized and retain effectiveness.' " (*People v. Pieters* (1991) 52 Cal.3d 894, 899.)

Courts have the inherent power to act to carry out the legislative or constitutional purpose as long as the court does not act contrary to any legislative enactment, and where there is a factual justification showing such action is necessary. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 384 (*Ponce*); *People v. Robertson* (2012) 208 Cal.App.4th 965, 995-996 (*Robertson*).)

Curiously, both parties cite to *Ponce, supra,* 173 Cal.App.4th 378, and *Robertson, supra,* 208 Cal.App.4th 965 to justify their positions. However, neither case supports the People's position in this case.

*Ponce, supra*, 173 Cal.App.4th 378, 384, invalidated the trial court's decision to issue a criminal protective order without compliance with the procedural requirements of the controlling statutes. Thus, while *Ponce* acknowledges courts do have certain inherent powers, they may not act contrary to statute or without factual justification.

Similarly, *Robertson, supra*, 208 Cal.App.4th at pages 995 to 996, does not support the People's inherent power argument here. In *Robertson*, the court dealt with a no contact order similar to that granted in this case. Again, *Robertson* acknowledged the existence of inherent power, but found the no contact order unauthorized. There was neither statutory authority for such order nor any factual showing of necessity that would allow the court to act without such justification.

C.  Analysis

After the sentence was imposed the prosecutor stated that a protective order had been prepared but left it at the office.  The prosecutor observed that a no contact order might suffice.  The prosecution presented no evidence of efforts by Crocker to contact his grandniece or that there was some risk of such contact that could not be addressed by other statutory means.  The court's observations set forth above are somewhat vague as to why the court perceived a no contact order was necessary, nor was Crocker given any notice that such an order would be sought by the prosecution.  As the court said in *Ponce*: "[A] prosecutor's wish to have such an order, without more, is not an adequate showing sufficient to justify the trial court's action."  (*Ponce, supra,* 173 Cal.App.4th at pp. 384-385.)

We are sympathetic with the trial court's apparent concerns about what appeared to be a sexually perverse fascination that Crocker may have with his grandniece.  However, she was not a victim in this case and the prosecution has not identified any evidence that there is identifiable threat to her from Crocker, or even demonstrated Crocker may have either the intention or the means to contact his grandniece.  Given his incarceration for in excess of seven years, more was required in this case to justify the no contact order that was presented to the court or impliedly found by the court based in the trial evidence.  Accordingly, we must order that the no contact order be stricken.

6

DISPOSITION

The no contact order issued by the trial court at the time of sentence is stricken. The trial court is ordered to modify its minutes accordingly. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McINTYRE, J.

IRION, J.

7